# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATRICK JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18CV1737 HEA |
| STEVE LARKINS, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Patrick Johnson for leave to commence this civil action without prepayment of the required filing fee. Plaintiff was a prisoner when he filed the complaint on October 9, 2018. On December 26, 2018, Plaintiff filed a change of address notice with the Court indicating that he had been released from prison. Plaintiff's financial situation is no longer accurately represented by the inmate account statement he filed with the Court. As a result, plaintiff shall submit a new motion to proceed *in forma pauperis* describing his current financial situation. In addition, plaintiff's complaint is defective because, among other things, it was not drafted on the Court's form. *See* E.D. Mo. Local Rule 2.06(A). The Court will give plaintiff the opportunity to submit an amended complaint.

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, against multiple employees at the Eastern Reception Diagnostic and Correctional Center ("ERDCC") including the warden, assistant warden, medical director, a doctor, two named nurses, a mental health counselor, and other unknown correctional officers and nurses. Plaintiff also names as a defendant Advanced Correctional Health Care Inc., who he describes as the medical staff employer. Plaintiff brings

his claims against these defendants in both their individual and official capacities. He seeks declaratory and injunctive relief,[1] and millions of dollars in damages.

Plaintiff describes this action as a "Monell" claim against defendants for having a custom of "denying inmates mental and medical health needs." *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, in the nine pages of "additional information" included in his handwritten complaint, plaintiff asserts a variety of allegations that do not pertain to denial of medical needs of prisoners, including: denial of access to a spiritual or religious advisor; lack of sufficient correctional officer staff, resulting in delayed or shortened recreation time; demeaning behavior by correctional officers towards prisoners including yelling, belittling, threats, and disrespectful treatment; misuse of the prison intercom system and door locking mechanisms by staff; inhumane treatment in requiring prisoners to line up outside for medical no matter the temperature; inconsistent processing of offenders by the Records Department; unsanitary conditions of sleeping mats; inadequate time to eat meals; and incorrect calculation of plaintiff's credit for time served.

**Discussion**

Plaintiff's complaint is defective because it was not drafted on the Court's form, *see* E.D. Mo. Local Rule 2.06(A). Also, the complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires (in relevant part) that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a). Plaintiff must submit the amended complaint on a court-provided

---

[1] The Court notes that plaintiff's claims for declaratory and injunctive relief became moot when he was released from incarceration because he was no longer subject to the allegedly unlawful conditions. *See Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009).

2

form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

In the "Statement of Claim" section, in separate, numbered paragraphs plaintiff should set forth the specific factual allegations supporting his claim or claims against each defendant, as well as the constitutional right or rights that defendant violated. Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail to plaintiff copies of the Court's Prisoner Civil Rights Complaint form and Motion to Proceed *in Forma Pauperis* form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the filing fee or submit a motion to proceed *in forma pauperis* on the Court-provided form.

**Plaintiff's failure to timely comply with this Memorandum and Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 23rd day of January, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE